UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

ANTHONY TEJADA,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   6/15/2026

19 Cr. 239 (AT)

**ORDER**

ANALISA TORRES, District Judge:

By letter dated August 15, 2025, the Government informed the Court that Defendant Anthony Tejada requested that the Bureau of Prisons ("BOP") designate his sentence in this case to run concurrently to a separate sentence imposed in state court for a separate offense.  *See* Gov't Ltr., ECF No. 31; Order, ECF No. 32 (ordering Defendant's response).

The Government opposes the request.  *See* Gov't Ltr.  Defendant was charged in 2018 with attempted murder, assault, and firearms possession in state court, stemming from an incident in which he shot his half-brother in the abdomen.  *Id.* at 1.  While in state custody awaiting trial, Defendant attempted to hire a hitman to kill his half-brother.  *Id.*  In 2019, he was charged in this Court for murder for hire and sentenced to ten years' imprisonment.  *Id.* at 1.  In 2020, he was subsequently sentenced to five years' imprisonment in state court for the shooting.  *Id.*  Defendant then served his state term of imprisonment before being released to federal custody in September 2023.  Def. Ltr. at 1, ECF No. 35.

The Government argues that because the federal and state sentences were "imposed for entirely separate crimes," § 5G1.3 of the Sentencing Guidelines does not recommend imposing concurrent sentences for the offenses.  Gov't Ltr. at 1–2.  The Government contends that the Court should, instead, direct consecutive terms of imprisonment under § 5G1.3(d) of the Guidelines, which is a policy statement stating that courts may order sentences to run concurrently, partially concurrently, or consecutively "to achieve a reasonable punishment for the instant offense."  *Id.*; U.S.S.G. § 5G1.3(d).

By letter dated October 20, 2025, Defendant argues that his request would "effectuate the explicit intent of" the state court for his five-year terms of imprisonment to run concurrently with his federal sentence.  *See* Def. Ltr. at 1.  Defendant contends that when the state court imposed its five-year sentence pursuant to a plea deal, which occurred after Defendant was sentenced in this Court to ten years' imprisonment, the state court explicitly contemplated that the plea deal would result in concurrent sentences.  *Id.* at 1–2.

The Court agrees with Defendant.  In the state court plea and sentencing proceeding, Defendant's state court attorney reported that, under the presentence report, "[Defendant] was getting five years jail plus five years post-release supervision and this is going to run concurrent with a ten-year sentence that he's already been sentenced on."  *See* State Court Tr. at 2:16–20, ECF No. 35-1.  The Court responded that "[t]hat's my understanding of the agreement," and the state prosecutor agreed.  *Id.* at 2:21–23.  The state court later confirmed that the parties "agree[d]" to "run the sentence concurrent to the sentence that the defendant is currently serving on his federal case."  *Id.* at 4:19–24; *see also id.* at 5:6–8 ("I am imposing the negotiated and agreed upon sentence.").

"[W]hen a federal sentencing judge does 'not decide whether [the defendant's] federal sentence would run concurrently or consecutively with his state sentence, this Court may recommend that the BOP retroactively designate [the defendant's] state facility *nunc pro tunc* as a federal facility and that his federal sentence run concurrently with his state sentence.'" *United States v. Campbell*, No. 14 Cr. 231, 2024 WL 1521311, at *1 (S.D.N.Y. Apr. 5, 2024) (quoting *United States v. Fernandez*, No. 06 Cr. 484, 2023 WL 8006268, at *4 (S.D.N.Y. Nov. 16, 2023)); *see also Evans v. Larkin*, 629 F. App'x 114, 115 (2d Cir. 2015) ("[W]hen a federal sentence is imposed before a state sentence, and the federal court is silent as to whether those sentences should be concurrent or consecutive, the presumption in [18 U.S.C.] § 3584(a) that those sentences must run consecutively does not apply.").

The Court finds that a recommendation that the BOP retroactively designate Defendant's federal sentence as concurrent to his state sentence is appropriate here. As in *Campbell* and *United States v. Alvarez*, the state court clearly contemplated that the state and federal sentences would run concurrently. *See Campbell*, 2024 WL 1521311, at *1–2; No. 09 Cr. 386, 2015 WL 1851658, at *1, *4 (S.D.N.Y. Apr. 17, 2015). Designating the sentences as concurrent thus accords proper respect to the state court proceedings. Moreover, although the Court sentenced Defendant to the statutory maximum on his federal case, *see* Gov't Ltr. at 2, the Court had reviewed the presentence report, which was made a part of the record in this case, and which considered the pending state proceedings in making its recommendation, *see* Sent'g Tr. at 2:10–12, 4:7–10, ECF No. 28; Pre-Sentence Investigation Report at 20, ECF No. 18.[1]

Accordingly, the Court recommends that BOP retroactively designate Defendant's federal and state sentences to run concurrently.

SO ORDERED.

Dated: June 15, 2026
      New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] The pre-sentence report was later revised to account for a fact not relevant to the analysis here. *See* ECF No. 30.